# Exhibit A



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY JACOBSON, as Chairman of the Joint
Industry Board of the Electrical Industry,

                                    Plaintiff,

        - against -

MOLLER & MOLLER, INC. d/b/a MOLLER &
MOLLER ELECTRIC CORP. d/b/a MOLLER &
MOLLER ELECTRICAL CONTRACTORS,
MICHAEL TEK, and ATHANASIOS
PAPADOPOULOS a/k/a TOMMY
PAPADOPOULOS,

                                    Defendants.

Civil Action No.

02-CV-6316
(ERK)(MDG)

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

TO:     Athanasios Papadopoulos a/k/a Tommy Papadopoulos
        169 Gerard Avenue
        New Hyde Park, New York 11040

        **WHEREAS**, in an action in this Court between plaintiff Larry Jacobson, as

Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Board"), and

defendants Moller & Moller, Inc. d/b/a Moller Electric Corp. d/b/a Moller & Moller Electrical

Contractors (collectively "Moller & Moller"), Michael Tek and Athanasios Papadopoulos a/k/a

Tommy Papadopoulos ("Papadopoulos"), judgment was entered against the defendants, jointly

and severally, on November 23, 2005 in favor of plaintiff and against defendants in the amount

of $105,873.44, of which $100,918.62 remains due and unpaid.

**YOU ARE HEREBY COMMANDED**, to produce for inspection and copying all documents described in Exhibit A, on or before March 15, 2007, at 10:00 a.m. at Cohen, Weiss and Simon LLP at 330 West 42nd Street, 25th Floor, New York, New York 10036.

**YOU ARE HEREBY FURTHER COMMANDED** pursuant to New York Civil Practice Law and Rules Sections 5223 and 5224, and Federal Rule of Civil Procedure 69(a), to appear at Cohen, Weiss and Simon LLP, at 330 West 42nd Street, 25th Floor, New York, New York 10036 on March 22, 2007 at 10:30 a.m., and at any adjourned date of examination, to be examined under oath, upon oral questions before a person authorized to conduct the examination, on all matters relevant to the satisfaction of the judgment in this action.

**TAKE NOTICE** that the deposition will be taken before a notary public and a certified shorthand reporter who will record the deposition stenographically.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

Dated: February 8, 2007
     New York, New York

                                          _____

                                    Eyad Asad (EA 5009)
                                    COHEN, WEISS and SIMON LLP
                                    330 West 42nd Street
                                    New York, New York  10036
                                    (212) 563-4100

                                    Attorneys for Plaintiff

## EXHIBIT A

## INSTRUCTIONS

1.      If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portion(s).

2.      If your response to any of these document requests is qualified in any particular manner, please set forth the details of such qualification.

3.      In responding to these requests, please furnish all information and produce all documents that are available to you, including information and documents available to your counsel.  For purposes of this request, documents are available to you if they are in your "possession, custody or control," including but not limited to circumstances where you have the right to acquire the document from another person or entity having possession of the document.

4.      Unless otherwise specified or required by the context of the document request, references to the singular include the plural, references to the plural include the singular, references to one gender include the other gender, references to the past tense include the present, and references to the present tense include the past.

5.      If any document responsive to any of these requests is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, please set forth with your response to these requests a schedule which specifically provides for each document withheld:

        (a)     The date, author(s), addressee(s), recipient(s), subject matter, title, number of pages, and any other information necessary to sufficiently identify the document and to permit evaluation of the claim of privilege;

(b)     A specific statement of the basis upon which the privilege is claimed; and

(c)     Whether any non-privileged or non-protected matter is included in the document.

6.     If you object to part of a request and refuse to respond to that part, please produce all documents or parts of documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not produced.  If you object to a request's scope or time period, please state your objection and respond to the request for the scope or time period you believe is appropriate.

7.     Should you claim that any portion of a document otherwise responsive to any of the following requests is privileged or otherwise insulated from discovery, you are instructed to produce a copy of the document with the privileged or otherwise insulated information redacted. With regard to the redacted material, you are instructed to provide a schedule which specifically provides the information set forth in Paragraph 5(a), (b) and (c) above and the number of lines, paragraphs or pages redacted.

8.     Unless otherwise specified, the time period covered by these requests is from January 1, 2001 to the present, *i.e.*, the date of your response to this subpoena.

9.     Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request to which they are responsive, for example, by labeling the documents to correspond with the requests set forth herein by number and, where applicable, subsection of request.

10.     For each request, if a document that has already been produced in response to another request, note the request number for which it was already produced and identify the document produced.

**<u>DEFINITIONS</u>**

Incorporated herein by reference is Rule 26.3 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York governing Uniform Definitions in Discovery Requests.

As used herein, "document" is to be read in its broadest sense to include all writings of any kind, including the originals and all copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation correspondence; affidavits; depositions; factual narratives; memoranda; notes; diaries, day-timers; calendars; statistics, letters; telegrams; minutes; contracts; reports; studies; checks; canceled checks; statements; receipts, returns; summaries; pamphlets; books; prospectuses; inter-office and intra-office communications; offers; notations of any sort of conversations or interviews; telephone calls; meetings or other communications; electronic mail; voice mail; bulletins; printed matter; diskettes, and/or printouts; teletypes; telefax; invoices; worksheets; all drafts and alterations; modifications, changes, and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs; charts; graphs; microfiche; microfilm; videotape; records; and motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation tapes; cassettes; discs; recordings; electronic mail and website publications and communications).  Two or more copies of a document bearing divergent handwritten or other notations shall be treated as separate documents for this purpose.

"Date" means the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

"Related to" or "relating to" means in any way describing, reflecting, embodying, contained in, referring to, concerning, connected with, or pertaining to, in whole or in part.

"Concerning" means in any way describing, reflecting, embodying, contained in, referring to, relating to, connected with, or pertaining to, in whole or in part.

"Statement" or "statements" mean any and all conversations, comments and other verbal, written, and/or electronically transmitted or recorded communications.

"Communicates" and "communication" mean every manner or means of disclosure or exchange of information, whether orally, by document or otherwise, and whether face-to-face, in a meeting, by telephone, voice-mail, mail, email, personal delivery or otherwise.

"Each" means each and every, and "every" means every and each.

"Any" means any and all, and "all" means all and any.

## REQUESTS FOR DOCUMENTS

1.      All documents concerning bank accounts held by Athanasios

Papadopoulos a/k/a Tommy Papadopolous ("Papadopoulos"), either jointly or individually, since

January 1, 2004, including but not limited to all monthly statements issued by banks for such

accounts.

2.      All documents concerning any stocks, bonds, mutual funds or other

securities owned by Papadopoulos, either individually or jointly, since January 1, 2004.

3.      All documents concerning any real property owned by Papadopoulos,

either individually, jointly or in-common at any time.

4.      All documents concerning all vehicles owned by Papadopoulos, either

individually or jointly.

5.      All quarterly and annual personal tax returns or forms (including exhibits

and attachments) prepared or filed by or on behalf of Papadopoulos from January 1, 2001

through the present.

6.      All W-2 forms for Papadopoulos for the years 2001 to the present.

7.      All documents sufficient to identify the present employer of

Papadopoulos.

8.      All pay stubs received by Papadopoulos since January 1, 2004.

9.      All documents concerning distributions made by any company,

partnership or sole proprietorship to Papadopoulos since January 1, 2004.

10.     The Articles of Incorporation and State Corporate Registration Certificates

of Delta Star Electric Service, Inc. ("Delta").

11.     The Articles of Incorporation and State Corporate Registration Certificates

of Sigma Electrical Contracting Corp. ("Sigma ECC").

12.     The Articles of Incorporation and State Corporate Registration Certificates of Sigma Electrical Contracting & Maintenance Corp. ("Sigma ECMC").

13.     Corporate Bylaws of Delta, Sigma ECC and Sigma ECMC, including all amendments or riders to such documents.

14.     All minutes or drafts of minutes of meetings of the Board of Directors of Delta, Sigma ECC and Sigma ECMC.

15.     All stock certificates issued by or concerning Delta, Sigma ECC and Sigma ECMC.

16.     All shareholder agreements concerning or referring to Delta, Sigma ECC and Sigma ECMC.

17.     All corporate notices, filings or reports concerning Delta, Sigma ECC and Sigma ECMC filed with, prepared for, or required by any federal, state, or municipal authority.

18.     All quarterly and annual corporate federal and state tax returns (including exhibits and attachments) prepared or filed by or on behalf of Delta, Sigma ECC and Sigma ECMC from January 1, 2001 through the present.

19.     The general ledger and check ledger of Delta, Sigma ECC and Sigma ECMC, including but not limited to printouts reflecting all payments made to and made by Delta, Sigma ECC and Sigma ECMC.

20.     All financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents designed to present the financial condition and/or asset or property holdings of Delta, Sigma ECC and Sigma

ECMC in summary form, prepared by its officers or directors or on its behalf by any person or entity, or submitted to any financial institutions.

21. All financial statements, profit and loss statements, balance and income statements, balance sheets, trial balance sheets, ledgers, journals (including cash disbursements and cash receipts), accounting statements, accounting reports, or other documents designed to present the financial condition and/or asset or property holdings of Papadopoulos or any business, trust, or other entity in which Papadopoulos is a shareholder, partner, officer, director, member, or has an interest (hereafter a "Papadopoulos Entity") in summary form, prepared by its officers or directors or on its behalf by any person or entity, or submitted to any financial institutions.

22. All documents related to real property and personal property of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC and all related documents, including but not limited to real estate deeds, leases, mortgages, mortgage notes, deeds of trust, deeds of trust notes, payment schedules, lease payments, lease accruals, mortgage payments, and checks, related to payments of any and all leases, mortgages, or deeds of trust on property leased or owned by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC or held for same beneficially by any person or trustee, and the location where such assets are held.

23. All documents concerning ownership, rental, mortgage, security, or use of inventory, materials, machinery, equipment, tools, trucks, automobiles or other property of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC or any person or entity acting on behalf of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC

24.     All bank statements, money market account statements, stock broker account ledgers, passbooks, entry ledgers, computer printouts, or other graphic representations of whatever kind that reflect money or property held by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC at any financial institution, brokerage house, bank, savings institution, safe deposit and trust company, or other financial or credit company from January 1, 2004 to the present.

25.     All contracts for services for or by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2004 to the present.

26.     All receipts for property or goods bought or sold by or on behalf of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2004 through the present.

27.     All records concerning ownership, rental, mortgage, security, or use of material and equipment (including vehicles), by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2001 to the present.

28.     Copies of all checks, money orders, cashier's checks, wire transfers, electronic transfers, instruments of payments, negotiable instruments, or other documents representing payments or transfers of assets from Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC to or on behalf of any of its officers, directors, shareholders, or companies or entities owned or controlled by these officers, directors, or shareholders from January 1, 2004 to the present.

29.     All documents memorializing the sale, merger, transfer of assets, or purchase of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2004 to the present.

-10-

30.     All documents concerning the ownership of the property located at the following addresses:

- 169 Gerard Avenue, New Hyde Park, New York 11040
- 98-02 218th Street, Queens Village, New York 11429
- 23-88 Brooklyn-Queens Expressway West, Queens, New York 11103
- 20-18 Utopia Parkway, Queens, New York 11357
- 12 Koch Place, Carle Place, New York 11514
- 46 North Main Street, Glassboro, New Jersey 08028
- 89 Cross Keys Ave, Williamstown, New Jersey 08094
- 1617 North Main Street, Williamstown, New Jersey 08094
- 75 Crows Nest Drive, Riverhead, New York 11901
- 6 Nardiello Drive, Garnerville, New York 10923
- 10 Maple Place, Port Chester, New York 10573
- 12 Maple Place, Port Chester, New York 10573
- 15 Andrew Drive, Port Jervis, New York 12771
- 57 Route 209, Port Jervis, New York 12771
- 186 Flood Bridge Road, Southbury, Connecticut 06488

31.     All documents concerning the assumption or guarantee by any corporation, partnership, or individual of the debts and/or liabilities of Papadopoulos, Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2004 to the present.

32.     All documents concerning any surety bond, escrow account or any type of insurance procured or maintained by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC to guarantee payment of wages, dues, assessments, or contributions to any fringe benefit fund to which Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC is obligated to make contributions pursuant to the terms of a collective bargaining agreement from January 1, 2004 to the present.

33.     All documents concerning the books and records maintained by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC pursuant to New York Lien Law Article 3-A.

-11-

34.     All documents concerning performance of the improvement of real property or public improvement within the State of New York by any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC.

35.     All documents concerning invoices submitted by Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC to any third party for services rendered or materials supplied from January 1, 2004 to the present.

36.     All documents concerning the hours worked and/or wages, money, or salary earned by employees of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC from January 1, 2004 to the present.

37.     All documents which reflect any communication between or among officers, employees, accountants, or other agents of Papadopoulos, any Papadopoulos Entity, Delta, Sigma ECC or Sigma ECMC between or among officers, employees, accountants, or other agents of same regarding the payment or nonpayment of contributions to Plaintiff.

38.     All documents concerning any assets owned by Papadopoulos or held for Papadopoulos beneficially by any person or trustee, and the location of any such assets.

# Exhibit B

Form 04 - PERSONAL

**COHEN, WEISS & SIMON, ESQS.**
**ATTN: MEGAN**

**Exhibit B**

U.S.EASTERN DIST. COURT    NEW YORK COUNTY
--------------------------------------------------

LARRY JACOBSON, AS CHAIRMAN OF THE        plaintiff
JOINT INDUSTRY OF THE ELECTRICAL INDUSTRY
- against -

MOLLER & MOLLER, INC.,D/B/A MOLLER &   defendant
MOLLER ELECTRIC CORP. ETC.,ETAL
--------------------------------------------------

Index No. **02 CV 6316**

Date Filed  .............

Office No.

Court Date: **03/22/2007**

STATE OF NEW YORK, COUNTY OF NEW YORK         :SS:

**HOWARD HERTZFELD**    being duly sworn, deposes and says; I am over 18 years of age,
not a party to this action, and reside in the State of New York. That on the
**15th** day of **February, 2007  12:30 PM**         at
DELTA STAR ELECTRIC 3443 VERNON BLVD
LONG ISLAND CITY NY

I served the    **SUBPOENA DUCES TECUM**
**AD TESTIFICANDUM**
**and at the same time and place, a fee of $60.00 was paid**
upon **ATHANASIOS PAPADOPOULOS A/K/A TOMMY PAPADOPOULOS**
**the WITNESS** therein named by delivering and leaving a true copy or
copies of the aforementioned documents with
**ATHANASIOS PAPADOPOULOS A/K/A  TOMMY PAPADOPOULOS**
said **WITNESS** personally.
Deponent describes the person served as aforesaid to the best of deponent's
ability at the time and circumstances of the service as follows:
SEX: **MALE**         COLOR: **WHITE**       HAIR: **BLACK**
APP. AGE: **45**      APP. HT: **5:10**      APP. WT: **170**

OTHER IDENTIFYING FEATURES:

Sworn to before me this
16th day of  February,        2007t

SAMSON NEWMAN
Notary Public, State of New York
No.01NE-4783767
Qualified in NEW YORK COUNTY
Commission Expires 11/03/2009

.................................
HOWARD HERTZFELD  778037
AETNA  CENTRAL  JUDICIAL  SERVICES
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 2CWS20160

# Exhibit C



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
LARRY JACOBSON, as Chairman of the Joint                    :
Industry Board of the Electrical Industry,                  :
                                                            :
                              Plaintiff,                    :        Case No.
                                                            :        02-CV-6316 (ERK)(MDG)
            - against -                                     :
                                                            :
MOLLER & MOLLER, INC. d/b/a MOLLER &                        :
MOLLER CORP. d/b/a MOLLER & MOLLER                          :        **THIRD PARTY**
ELECTRICAL CONTRACTORS, MICHAEL                             :        **RESTRAINING**
TEK, and ATHANASIOS PAPADOPOULOS a/k/a                      :        **NOTICE and**
TOMMY PAPADOPOULOS,                                         :        **INFORMATION**
                                                            :        **SUBPOENA**
                              Defendants.                   :
                                                            :
------------------------------------------------------------x

### THE PEOPLE OF THE STATE OF NEW YORK

TO:   **Delta Star Electric Service Inc.**
      **34-43 Vernon Boulevard**
      **Astoria, New York 11106**

RE:   **Athanasios Papadopoulos a/k/a Tommy Papadopoulos**
      **169 Gerard Avenue**
      **New Hyde Park, New York 11040**

      **Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp.**
      **d/b/a Moller & Moller Electrical Contractors**
      **98-02 218th Street**
      **Queens Village, New York 11429**

              In an action in this Court between Larry Jacobson, as Chairman of the Joint

Industry Board of the Electrical Industry, plaintiff, and Moller & Moller, Inc. d/b/a Moller &

Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, and

Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors"),

defendants, an amended judgment was entered on November 23, 2005 in favor of plaintiff for

$105,873.44, of which $100,916.42 plus interest remains due and unpaid.

              **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil

suffer any sale, assignment or transfer of, or any interference with, any property in which any of the Judgment Debtors has an interest or pay over or otherwise dispose of any debt except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which any of the Judgment Debtors has an interest hereafter coming into his possession or custody, and all debts hereafter coming due to any of the Judgment Debtors.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

**YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Restraining Notice and Subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed envelope enclosed herewith.

**TAKE NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court.

Dated: February 8, 2007
       New York, New York

Eyad Asad (EA 5009)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff

-2-

## CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment-debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

**QUESTIONS TO BE ANSWERED BY THIRD-PARTY DELTA STAR ELECTRIC
SERVICE INC. IN RESPONSE TO INFORMATION SUBPOENA**

**Jacobson v. Moller & Moller, Inc.,** *et al.*

**Case No. 02-CV-6316**

1.   Do you have a relationship with Moller & Moller, Inc. d/b/a Moller & Moller Electric
Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, or Athanasios
Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors")?

Yes_____ No_____

A.   If so, describe the relationship with each Judgment Debtor.

ANSWER _____

_____

_____

2.   If any Judgment Debtor is a shareholder or equity interest holder in Delta Star Electric
Service Inc. (the "Company"), set forth the number and classes of shares or interests held
by each Judgment Debtor, the total number and classes of shares/interests outstanding,
and the names and addresses of each other shareholder.

ANSWER _____

_____

_____

A.   If any Judgment Debtor is party to a shareholder agreement, voting trust, or any
similar agreement, set forth the terms of that agreement and the parties to such
agreement.

ANSWER _____

_____

_____

B.   If the Company has paid dividends or made other distributions within the past three
years, please set forth the date of payment, the amount paid to each Judgment Debtor and
to each other shareholder.

-4-

ANSWER _____

_____

_____

C.   What was the revenue of the Company for the last three years?

ANSWER _____

_____

_____

D.   What was the operating profit/loss for the Company for the last three years?

ANSWER _____

_____

_____

3.      If any Judgment Debtor is an employee, officer, or director set forth each Judgment Debtor's position/job title for the last three years.

ANSWER _____

_____

_____

A.   Set forth the compensation and/or reimbursement of expenses and/or any other disbursements paid or made by the Company to each Judgment Debtor for the last three years.

ANSWER _____

_____

_____

B.   Set forth the terms of any employment arrangement or other agreement to provide

services with any Judgment Debtor for the last three years.

ANSWER _____

_____

_____

C.   Set forth the compensation and/or reimbursement of expenses paid to or on behalf of any Judgment Debtor to or on behalf of any other employees in the last three years.

ANSWER _____

_____

_____

D.   Set forth the number of hours worked and type of functions or duties the Judgment Debtor performed for the Company for the last three years.

ANSWER _____

_____

_____

4.     Have any of the assets or equipment used by the Company in the course of its business ever been owned or in the possession of any of the Judgment Debtors?

Yes_____  No_____

A.   If so, describe each asset and provide the value of the asset or the consideration paid for such asset.

ANSWER _____

_____

_____

5.     Do you have any debt to or hold any property on behalf of the Judgment Debtors?

Yes_____  No_____

A.   If so, set forth the amount and terms of the debt, or a description and the location of any property.

-6-

ANSWER _____

_____

_____

B.   If so, describe any party's rights of offset.

ANSWER _____

_____

_____

6.      State the name, title, and address of the individual answering these questions.

ANSWER _____

_____

_____

State of _____

County of _____

Sworn to before me this                    _____

\_\_\_th day of _____2007.            (the name signed must be printed beneath)

_____

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                              :
LARRY JACOBSON, as Chairman of the Joint      :
Industry Board of the Electrical Industry,    :
                                              :
                           Plaintiff,         :          Case No.
                                              :          02-CV-6316 (ERK)(MDG)
         - against -                          :
                                              :
                                              :
MOLLER & MOLLER, INC. d/b/a MOLLER &          :
MOLLER CORP. d/b/a MOLLER & MOLLER            :
ELECTRICAL CONTRACTORS, MICHAEL               :
TEK, and ATHANASIOS PAPADOPOULOS a/k/a        :
TOMMY PAPADOPOULOS,                           :
                                              :
                           Defendants.        :
                                              :
-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of February 2007, I caused to be served by certified mail,

return receipt requested, and regular, first-class mail, a Third-Party Restraining Notice and

Information Subpoena on each of the entities listed below at the addresses listed below:

Delta Star Electric Service Inc.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

Sigma Electrical Contracting & Maintenance, Corp.
23-88 Brooklyn Queens Expressway W.
Astoria, New York 11103

Sigma Electrical Contracting Corp.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

_____
Eyad Asad

00102347.DOC.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
LARRY JACOBSON, as Chairman of the Joint                     :
Industry Board of the Electrical Industry,                   :
                                                             :
                              Plaintiff,                     :        Case No.
                                                             :        02-CV-6316 (ERK)(MDG)
         - against -                                         :
                                                             :
MOLLER & MOLLER, INC. d/b/a MOLLER &                         :
MOLLER CORP. d/b/a MOLLER & MOLLER                           :        **THIRD PARTY**
ELECTRICAL CONTRACTORS, MICHAEL                              :        **RESTRAINING**
TEK, and ATHANASIOS PAPADOPOULOS a/k/a                       :        **NOTICE and**
TOMMY PAPADOPOULOS,                                          :        **INFORMATION**
                                                             :        **SUBPOENA**
                              Defendants.                    :
                                                             :
-------------------------------------------------------------x

### THE PEOPLE OF THE STATE OF NEW YORK

TO:  **Sigma Electrical Contracting Corp.**
     **34-43 Vernon Boulevard**
     **Astoria, New York 11106**

RE:  **Athanasios Papadopoulos a/k/a Tommy Papadopoulos**
     **169 Gerard Avenue**
     **New Hyde Park, New York 11040**

     **Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp.**
     **d/b/a Moller & Moller Electrical Contractors**
     **98-02 218th Street**
     **Queens Village, New York 11429**

          In an action in this Court between Larry Jacobson, as Chairman of the Joint

Industry Board of the Electrical Industry, plaintiff, and Moller & Moller, Inc. d/b/a Moller &

Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, and

Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors"),

defendants, an amended judgment was entered on November 23, 2005 in favor of plaintiff for

$105,873.44, of which $100,916.42 plus interest remains due and unpaid.

          **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil

00083497.DOC.2

suffer any sale, assignment or transfer of, or any interference with, any property in which any of the Judgment Debtors has an interest or pay over or otherwise dispose of any debt except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which any of the Judgment Debtors has an interest hereafter coming into his possession or custody, and all debts hereafter coming due to any of the Judgment Debtors.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

**YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Restraining Notice and Subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed envelope enclosed herewith.

**TAKE NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court.

Dated: February 8, 2007
  New York, New York

_____
Eyad Asad (EA 5009)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff

# CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment-debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

**QUESTIONS TO BE ANSWERED BY THIRD-PARTY SIGMA ELECTRICAL CONTRACTING CORP. IN RESPONSE TO INFORMATION SUBPOENA**

**Jacobson v. Moller & Moller, Inc.,** *et al.*

**Case No. 02-CV-6316**

1.   Do you have a relationship with Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, or Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors")?

      Yes_____   No_____

      A.   If so, describe the relationship with each Judgment Debtor.

      ANSWER _____

      _____

      _____

2.   If any Judgment Debtor is a shareholder or equity interest holder in Sigma Electrical Contracting Corp. (the "Company"), set forth the number and classes of shares or interests held by each Judgment Debtor, the total number and classes of shares/interests outstanding, and the names and addresses of each other shareholder.

      ANSWER _____

      _____

      _____

      A.   If any Judgment Debtor is party to a shareholder agreement, voting trust, or any similar agreement, set forth the terms of that agreement and the parties to such agreement.

      ANSWER _____

      _____

      _____

      B.   If the Company has paid dividends or made other distributions within the past three years, please set forth the date of payment, the amount paid to each Judgment Debtor and to each other shareholder.

-4-

ANSWER _____

_____

_____

C.   What was the revenue of the Company for the last three years?

ANSWER _____

_____

_____

D.   What was the operating profit/loss for the Company for the last three years?

ANSWER _____

_____

_____

3.   If any Judgment Debtor is an employee, officer, or director set forth each Judgment Debtor's position/job title for the last three years.

ANSWER _____

_____

_____

A.   Set forth the compensation and/or reimbursement of expenses and/or any other disbursements paid or made by the Company to each Judgment Debtor for the last three years.

ANSWER _____

_____

_____

B.   Set forth the terms of any employment arrangement or other agreement to provide

services with any Judgment Debtor for the last three years.

ANSWER _____

_____

_____

C.   Set forth the compensation and/or reimbursement of expenses paid to or on behalf of any Judgment Debtor to or on behalf of any other employees in the last three years.

ANSWER _____

_____

_____

D.   Set forth the number of hours worked and type of functions or duties the Judgment Debtor performed for the Company for the last three years.

ANSWER _____

_____

_____

4.   Have any of the assets or equipment used by the Company in the course of its business ever been owned or in the possession of any of the Judgment Debtors?

Yes_____   No_____

A.   If so, describe each asset and provide the value of the asset or the consideration paid for such asset.

ANSWER _____

_____

_____

5.   Do you have any debt to or hold any property on behalf of the Judgment Debtors?

Yes_____   No_____

A.   If so, set forth the amount and terms of the debt, or a description and the location of any property.

-6-

ANSWER _____

_____

_____

B.   If so, describe any party's rights of offset.

ANSWER _____

_____

_____

6.      State the name, title, and address of the individual answering these questions.

ANSWER _____

_____

_____

State of _____

County of _____

Sworn to before me this                              _____

___th day of _____2007.          (the name signed must be printed beneath)

_____

Notary Public

-7-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LARRY JACOBSON, as Chairman of the Joint　　　:
Industry Board of the Electrical Industry,　　　　　:

                Plaintiff,　　　　:

    - against -　　　　　　　　　　　　　　:

MOLLER & MOLLER, INC. d/b/a MOLLER &　　　:
MOLLER CORP. d/b/a MOLLER & MOLLER　　　:
ELECTRICAL CONTRACTORS, MICHAEL　　　　:
TEK, and ATHANASIOS PAPADOPOULOS a/k/a　:
TOMMY PAPADOPOULOS,　　　　　　　　　:

             Defendants.　　　　:

-------------------------------------------------------------------x

Case No.
02-CV-6316 (ERK)(MDG)

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of February 2007, I caused to be served by certified mail,

return receipt requested, and regular, first-class mail, a Third-Party Restraining Notice and

Information Subpoena on each of the entities listed below at the addresses listed below:

Delta Star Electric Service Inc.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

Sigma Electrical Contracting & Maintenance, Corp.
23-88 Brooklyn Queens Expressway W.
Astoria, New York 11103

Sigma Electrical Contracting Corp.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

_____
Eyad Asad

00102347.DOC.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                       :

LARRY JACOBSON, as Chairman of the Joint      :
Industry Board of the Electrical Industry,        :

                                         :

                      Plaintiff,       :       Case No.
                                       :       02-CV-6316 (ERK)(MDG)

      - against -                         :

                                         :

MOLLER & MOLLER, INC. d/b/a MOLLER &      :
MOLLER CORP. d/b/a MOLLER & MOLLER      :      **THIRD PARTY**
ELECTRICAL CONTRACTORS, MICHAEL        :      **RESTRAINING**
TEK, and ATHANASIOS PAPADOPOULOS a/k/a  :      **NOTICE and**
TOMMY PAPADOPOULOS,                  :      **INFORMATION**
                                         :      **SUBPOENA**

                    Defendants.     :

-------------------------------------------------------------- x

## THE PEOPLE OF THE STATE OF NEW YORK

TO:    **Sigma Electrical Contracting & Maintenance, Corp.**
        **34-43 Vernon Boulevard**
        **Astoria, New York 11106**

RE:    **Athanasios Papadopoulos a/k/a Tommy Papadopoulos**
        **169 Gerard Avenue**
        **New Hyde Park, New York 11040**

        **Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp.**
        **d/b/a Moller & Moller Electrical Contractors**
        **98-02 218th Street**
        **Queens Village, New York 11429**

            In an action in this Court between Larry Jacobson, as Chairman of the Joint

Industry Board of the Electrical Industry, plaintiff, and Moller & Moller, Inc. d/b/a Moller &

Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, and

Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors"),

defendants, an amended judgment was entered on November 23, 2005 in favor of plaintiff for

$105,873.44, of which $100,916.42 plus interest remains due and unpaid.

            **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil

Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or

00083447.DOC.2

suffer any sale, assignment or transfer of, or any interference with, any property in which any of

the Judgment Debtors has an interest or pay over or otherwise dispose of any debt except as

therein provided.

   **TAKE FURTHER NOTICE** that this Restraining Notice also covers all property

in which any of the Judgment Debtors has an interest hereafter coming into his possession or

custody, and all debts hereafter coming due to any of the Judgment Debtors.

   **TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is

punishable as a contempt of court.

   **YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately

and fully, each question in the questionnaire accompanying this Restraining Notice and

Subpoena, each answer referring to the question to which it responds; and that you return the

answers together with the original of the questions within seven (7) days after your receipt of the

questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed

envelope enclosed herewith.

   **TAKE NOTICE** that false swearing or failure to comply with this Subpoena is

punishable as a contempt of court.

Dated: February 8, 2007
   New York, New York

          _____
          Eyad Asad (EA 5009)
          COHEN, WEISS and SIMON LLP
          330 West 42nd Street
          New York, New York 10036
          (212) 563-4100

          Attorneys for Plaintiff

## CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment-debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

**QUESTIONS TO BE ANSWERED BY THIRD-PARTY SIGMA ELECTRICAL CONTRACTING & MAINTENANCE, CORP. IN RESPONSE TO INFORMATION SUBPOENA**

**Jacobson v. Moller & Moller, Inc.,** *et al.*

**Case No. 02-CV-6316**

1.      Do you have a relationship with Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, or Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors")?

Yes_____  No_____

A.   If so, describe the relationship with each Judgment Debtor.

ANSWER _____

_____

_____

2.      If any Judgment Debtor is a shareholder or equity interest holder in Sigma Electrical Contracting & Maintenance, Corp. (the "Company"), set forth the number and classes of shares or interests held by each Judgment Debtor, the total number and classes of shares/interests outstanding, and the names and addresses of each other shareholder.

ANSWER _____

_____

_____

A.   If any Judgment Debtor is party to a shareholder agreement, voting trust, or any similar agreement, set forth the terms of that agreement and the parties to such agreement.

ANSWER _____

_____

_____

B.   If the Company has paid dividends or made other distributions within the past three years, please set forth the date of payment, the amount paid to each Judgment Debtor and to each other shareholder.

-4-

ANSWER _____

_____

_____

C.   What was the revenue of the Company for the last three years?

ANSWER _____

_____

_____

D.   What was the operating profit/loss for the Company for the last three years?

ANSWER _____

_____

_____

3.      If any Judgment Debtor is an employee, officer, or director set forth each Judgment Debtor's position/job title for the last three years.

ANSWER _____

_____

_____

A.   Set forth the compensation and/or reimbursement of expenses and/or any other disbursements paid or made by the Company to each Judgment Debtor for the last three years.

ANSWER _____

_____

_____

B.   Set forth the terms of any employment arrangement or other agreement to provide

-5-

services with any Judgment Debtor for the last three years.

ANSWER _____

_____

_____

C.   Set forth the compensation and/or reimbursement of expenses paid to or on behalf of any Judgment Debtor to or on behalf of any other employees in the last three years.

ANSWER _____

_____

_____

D.   Set forth the number of hours worked and type of functions or duties the Judgment Debtor performed for the Company for the last three years.

ANSWER _____

_____

_____

4.    Have any of the assets or equipment used by the Company in the course of its business ever been owned or in the possession of any of the Judgment Debtors?

Yes_____  No_____

A.   If so, describe each asset and provide the value of the asset or the consideration paid for such asset.

ANSWER _____

_____

_____

5.    Do you have any debt to or hold any property on behalf of the Judgment Debtors?

Yes_____  No_____

A.   If so, set forth the amount and terms of the debt, or a description and the location of any property.

ANSWER _____

_____

_____

B.   If so, describe any party's rights of offset.

ANSWER _____

_____

_____

6.      State the name, title, and address of the individual answering these questions.

ANSWER _____

_____

_____

State of _____

County of _____

Sworn to before me this                        _____

___th day of _____2007.              (the name signed must be printed beneath)

_____

Notary Public

-7-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

LARRY JACOBSON, as Chairman of the Joint             :
Industry Board of the Electrical Industry,            :
                                                      :
                              Plaintiff,              :        Case No.
                                                      :        02-CV-6316 (ERK)(MDG)
          - against -                                 :
                                                      :
MOLLER & MOLLER, INC. d/b/a MOLLER &                  :
MOLLER CORP. d/b/a MOLLER & MOLLER                    :
ELECTRICAL CONTRACTORS, MICHAEL                       :
TEK, and ATHANASIOS PAPADOPOULOS a/k/a                :
TOMMY PAPADOPOULOS,                                   :
                                                      :
                              Defendants.             :
                                                      :
----------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of February 2007, I caused to be served by certified mail,

return receipt requested, and regular, first-class mail, a Third-Party Restraining Notice and

Information Subpoena on each of the entities listed below at the addresses listed below:

Delta Star Electric Service Inc.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

Sigma Electrical Contracting & Maintenance, Corp.
23-88 Brooklyn Queens Expressway W.
Astoria, New York 11103

Sigma Electrical Contracting Corp.
23-88 Brooklyn Queens Expressway
Long Island City, New York 11103

_____
Eyad Asad

# Exhibit D

# NYS Department of State



## Division of Corporations

### Entity Information

Selected Entity Name: SIGMA ELECTRICAL CONTRACTING CORP.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | DELTA STAR ELECTRIC SERVICE INC. |
| **Initial DOS Filing Date:** | APRIL 04, 2003 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
DELTA STAR ELECTRIC SERVICE INC.
C/O ATHANASIOS PAPADOPOULOS
23-88 BROOKLYN QUEENS EXPWY
LONG ISLAND CITY, NEW YORK, 11103
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results                New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

# Division of Corporations

## Entity Information

---

Selected Entity Name: DELTA STAR ELECTRIC SERVICE INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | DELTA STAR ELECTRIC SERVICE INC. |
| **Initial DOS Filing Date:** | APRIL 04, 2003 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

DELTA STAR ELECTRIC SERVICE INC.
C/O ATHANASIOS PAPADOPOULOS
23-88 BROOKLYN QUEENS EXPWY
LONG ISLAND CITY, NEW YORK, 11103

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

# NYS Department of State

# Division of Corporations

## Entity Information

Selected Entity Name: SIGMA ELECTRICAL CONTRACTING & MAINTENANCE, CORP.

### Selected Entity Status Information

**Current Entity Name:** SIGMA ELECTRICAL CONTRACTING & MAINTENANCE, CORP.
**Initial DOS Filing Date:** JANUARY 08, 2004
**County:** QUEENS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

### Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
SIGMA ELECTRICAL CONTRACTING & MAINTENANCE, CORP.
23-88 BROOKLYN QUEENS EXPY W.
ASTORIA, NEW YORK, 11103

### Registered Agent

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results        New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: DELTA STAR ELECTRIC III INC.

Selected Entity Status Information

**Current Entity Name:** DELTA STAR ELECTRIC III INC.
**Initial DOS Filing Date:** SEPTEMBER 05, 2006
**County:** QUEENS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
DELTA STAR ELECTRIC III INC.
34-43 VERNON BLVD
LONG ISLAND CITY, NEW YORK, 11106
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results               New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# Exhibit E



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
LARRY JACOBSON, as Chairman of the Joint      :
Industry Board of the Electrical Industry,    :
                                              :
                          Plaintiff,          :          Case No.
                                              :          02-CV-6316 (ERK)(MDG)
              - against -                     :
                                              :
MOLLER & MOLLER, INC. d/b/a MOLLER &          :
MOLLER CORP. d/b/a MOLLER & MOLLER            :          **THIRD PARTY**
ELECTRICAL CONTRACTORS, MICHAEL               :          **RESTRAINING**
TEK, and ATHANASIOS PAPADOPOULOS a/k/a        :          **NOTICE and**
TOMMY PAPADOPOULOS,                           :          **INFORMATION**
                                              :          **SUBPOENA**
                          Defendants.         :
                                              :
-------------------------------------------------------------x

## THE PEOPLE OF THE STATE OF NEW YORK

TO:   **Delta Star Electric III Inc.**
      **34-43 Vernon Boulevard**
      **Long Island City, New York 11106**

RE:   **Athanasios Papadopoulos a/k/a Tommy Papadopoulos**
      **169 Gerard Avenue**
      **New Hyde Park, New York 11040**

      **Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp.**
      **d/b/a Moller & Moller Electrical Contractors**
      **98-02 218th Street**
      **Queens Village, New York 11429**

         In an action in this Court between Larry Jacobson, as Chairman of the Joint

Industry Board of the Electrical Industry, plaintiff, and Moller & Moller, Inc. d/b/a Moller &

Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, and

Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors"),

defendants, an amended judgment was entered on November 23, 2005 in favor of plaintiff for

$105,873.44, of which $100,916.42 plus interest remains due and unpaid.

         **TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil

Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any property in which any of the Judgment Debtors has an interest or pay over or otherwise dispose of any debt except as therein provided.

**TAKE FURTHER NOTICE** that this Restraining Notice also covers all property in which any of the Judgment Debtors has an interest hereafter coming into his possession or custody, and all debts hereafter coming due to any of the Judgment Debtors.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of court.

**YOU ARE HEREBY DIRECTED** to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Restraining Notice and Subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within seven (7) days after your receipt of the questions and this Restraining Notice and Information Subpoena in the stamped, self-addressed envelope enclosed herewith.

**TAKE NOTICE** that false swearing or failure to comply with this Subpoena is punishable as a contempt of court.

Dated: April 9, 2007
New York, New York

Eyad Asad (EA 5009)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff

-2-

## CIVIL PRACTICE LAW AND RULES

Section 5222(b). Effect of restraint: prohibition of transfer; duration. A judgment-debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment-debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment-debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment-debtor or obligor has an interest, or if the judgment-creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment-debtor or obligor or that the judgment-debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment-debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment-debtor or obligor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment-creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment-debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging to the judgment-debtor or obligor in an amount equal to twice the amount on the judgment or order, the restraining notice is not effective as to other property or money.

## CERTIFICATION PURSUANT TO SECTION 5224(a)(3)(i)
## <u>OF THE NEW YORK CIVIL PRACTICE LAW AND RULES</u>

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES

WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND THAT I HAVE A

REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN

THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE

CREDITOR IN COLLECTING THE JUDGMENT.

Eyad Asad (EA 5009)

**QUESTIONS TO BE ANSWERED BY THIRD-PARTY DELTA STAR ELECTRIC III INC. IN RESPONSE TO INFORMATION SUBPOENA**

**Jacobson v. Moller & Moller, Inc.,** ***et al.***

**Case No. 02-CV-6316**

1.　　Do you have a relationship with Moller & Moller, Inc. d/b/a Moller & Moller Electric Corp. d/b/a Moller & Moller Electrical Contractors, Michael Tek, or Athanasios Papadopoulos a/k/a Tommy Papadopoulos (collectively, the "Judgment Debtors")?

Yes_____ No_____

　　A.　If so, describe the relationship with each Judgment Debtor.

ANSWER _____

_____

_____

2.　　If any Judgment Debtor is a shareholder or equity interest holder in Delta Star Electric III Inc. (the "Company"), set forth the number and classes of shares or interests held by each Judgment Debtor, the total number and classes of shares/interests outstanding, and the names and addresses of each other shareholder.

ANSWER _____

_____

_____

　　A.　If any Judgment Debtor is party to a shareholder agreement, voting trust, or any similar agreement, set forth the terms of that agreement and the parties to such agreement.

ANSWER _____

_____

_____

　　B.　If the Company has paid dividends or made other distributions within the past three years, please set forth the date of payment, the amount paid to each Judgment Debtor and to each other shareholder.

-4-

ANSWER _____

_____

_____

C.   What was the revenue of the Company for the last three years?

ANSWER _____

_____

_____

D.   What was the operating profit/loss for the Company for the last three years?

ANSWER _____

_____

_____

3.   If any Judgment Debtor is an employee, officer, or director set forth each Judgment Debtor's position/job title for the last three years.

ANSWER _____

_____

_____

A.   Set forth the compensation and/or reimbursement of expenses and/or any other disbursements paid or made by the Company to each Judgment Debtor for the last three years.

ANSWER _____

_____

_____

B.   Set forth the terms of any employment arrangement or other agreement to provide

-5-

services with any Judgment Debtor for the last three years.

ANSWER _____

_____

_____

C.   Set forth the compensation and/or reimbursement of expenses paid to or on behalf of any Judgment Debtor to or on behalf of any other employees in the last three years.

ANSWER _____

_____

_____

D.   Set forth the number of hours worked and type of functions or duties the Judgment Debtor performed for the Company for the last three years.

ANSWER _____

_____

_____

4.   Have any of the assets or equipment used by the Company in the course of its business ever been owned or in the possession of any of the Judgment Debtors?

Yes_____   No_____

A.   If so, describe each asset and provide the value of the asset or the consideration paid for such asset.

ANSWER _____

_____

_____

5.   Do you have any debt to or hold any property on behalf of the Judgment Debtors?

Yes_____   No_____

A.   If so, set forth the amount and terms of the debt, or a description and the location of any property.

ANSWER _____

_____

_____

B.   If so, describe any party's rights of offset.

ANSWER _____

_____

_____

6.      State the name, title, and address of the individual answering these questions.

ANSWER _____

_____

_____

State of _____

County of _____

Sworn to before me this

___th day of _____2007.                _____

                                              (the name signed must be printed beneath)

_____

Notary Public

# Exhibit F

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

EIA 419.7994
Sigma Electrical Contracting &
  Maintenance Corp.
34-43 Vernon Boulevard
Astoria, New York 11106

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service la...    7002 0860 0006 8882 4692

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL US

| | | |
|---|---|---|
| Postage | $1.11 | 0057 |
| Certified Fee | $2.40 | |
| Return Receipt Fee (Endorsement Required) | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $5.36 | 03/02/2007 |

Sent To
Sigma Electrical Contracting &
Street, A    Maintenance Corp.
or PO Bo
City, Stat   34-43 Vernon Boulevard
             Astoria, New York 11106

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Sigma Electrical Contracting Corp.
34-43 Vernon Boulevard
Astoria, New York 11106

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7002 0860 0006 8882 4708

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provi

OFFICIAL US

ASTORIA, NY 11106

| | | |
|---|---|---|
| Postage | $1.11 | 0057 |
| Certified Fee | $2.40 | |
| Return Receipt Fee (Endorsement Required) | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $5.36 | 03/02/2007 |

Sent To
Street, A    Sigma Electrical Contracting Corp.
or PO Bo   34-43 Vernon Boulevard
City, Stat   Astoria, New York 11106

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Delta Star Electric Service, Inc.
Attention: Athanasios Papadopoulos a/k/a
    Tommy Papadopoulos
34-43 Vernon Boulevard
Astoria, New York 11106

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7002 0860 0006 8882 4685

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provi

ASTORIA, NY 11106

OFFICIAL US

| | | |
|---|---|---|
| Postage | $1.11 | 0057 |
| Certified Fee | $2.40 | |
| Return Receipt Fee (Endorsement Required) | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $5.36 | 03/02/2007 |

Sent To
Delta Star Electric Service, Inc.
Street, Apt.    Attention: Athanasios Papadopoulos a/k/a
or PO Box        Tommy Papadopoulos
City, State, Z   34-43 Vernon Boulevard
                 Astoria, New York 11106

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Delta Star Electric III, Inc. EIA 419.7994
Attention: Athanasios Papadopoulos
a/k/a Tommy Papadopoulos
34-43 Vernon Boulevard
Long Island City, NY 11106

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)    7002 0860 0006 8881 5058

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provi

OFFICIAL US

| | | |
|---|---|---|
| Postage | | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | | |

Sent To Delta Star Electric III, Inc. EIA 419.7994
Street,   Attention: Athanasios Papadopoulos
or PO    a/k/a Tommy Papadopoulos
City, Sta 34-43 Vernon Boulevard
          Long Island City, NY 11106

# Exhibit G

**Exhibit G**

# COHEN, WEISS AND SIMON LLP

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*
ELIZABETH O'LEARY
TRAVIS M. MASTRODDI

COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976

(212) 563-4100
TELECOPIER (212) 695-5436

WRITER'S DIRECT DIAL
212-356-0218

March 22, 2007

COUNSEL

STANLEY M. BERMAN
MANLIO DIPRETA

EYAD ASAD
ROBIN H. GISE
ORIANA VIGLIOTTI
DAVID R. HOCK*
ZACHARY N. LEEDS
MOLLY BROOKS
SUZANNE E. D'AMATO
BRIAN G. NOONAN**
CLAIRE TUCK*

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
    * ALSO ADMITTED IN NJ
   ** ADMITTED IN VA ONLY

<u>By Facsimile and Mail</u>

Jerry Papapanayotou, Esq.
13-15 37th Avenue
Long Island City, New York 11101

      Re:   <u>Jacobson v. Moller & Moller, Inc. *et al.*, Case No. 02-CV-6316 (ERK)(MDG)</u>

Dear Mr. Papapanayotou:

      As you know, this firm represents plaintiff in the above-referenced matter.  I write to confirm that the deposition of Athanasios Papadopoulos will be held on April 18, 2007 at 11:00 a.m. at the office of the undersigned.

      Enclosed, please also find the following documents which were served on Mr. Papadopoulos but to which he failed to respond: A restraining notice and information subpoena dated March 8, 2005; an Order of the Court entered May 26, 2006 compelling Papadopoulos's response to the information subpoena; and restraining notices and information subpoenas dated February 8, 2007 that were sent to Sigma Electrical Contracting Corp., Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric Service Inc..  As the time for Mr. Papadopoulos's responses to these documents is long past due, please ensure that Mr. Papadopoulos responds to the enclosed documents immediately.  Should you have any questions, please contact the undersigned.

                             Very truly yours,

                             Eyad Asad

Enclosures



00104366.DOC.1

# Exhibit H



**COHEN, WEISS AND SIMON LLP**

COUNSELLORS AT LAW

330 WEST 42ND STREET

NEW YORK, N.Y. 10036-6976

(212) 563-4100

TELECOPIER (212) 695-5436

WRITER'S DIRECT DIAL
212-356-0218

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*
ELIZABETH O'LEARY
TRAVIS M. MASTRODDI

COUNSEL
STANLEY M. BERMAN
MANLIO DIPRETA

EYAD ASAD
ROBIN H. GISE
ORIANA VIGLIOTTI
DAVID R. HOCK*
ZACHARY N. LEEDS
MOLLY BROOKS
SUZANNE E. D'AMATO
CLAIRE TUCK*
ILONA M. TURNER*
ARY ROSENBAUM

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
* ALSO ADMITTED IN NJ

April 10, 2007

By Facsimile and Mail

Jerry Papapanayotou, Esq.
13-15 37th Avenue
Long Island City, NY 11101

Re:   Jacobson v. Moller & Moller, Inc., *et al.*, Case No. 02-CV-6316

Dear Mr. Papapanayotou:

As you know, this firm represents the Joint Industry Board of the Electrical Industry (the "Joint Board") in the above-referenced matter. I write to confirm that today you requested an adjournment of the deposition of defendant Athanasios Papadopoulos to early May, 2007. We had previously agreed that Mr. Papadopoulos would provide the documents requested in the February 8, 2007 Subpoena Duces Tecum Ad Testificandum by April 11 and that he would appear for his deposition on April 18. You informed me today that no documents would be forthcoming tomorrow and that for professional reasons you could not attend the April 18 deposition, though the deposition had already been adjourned once at your request and April 18 was a date of your choosing.

I consent to an extension of time for the deposition to no later than May 7, 2007, provided that the documents requested are produced by April 18, 2007. Further, as I noted in our conversation today, Mr. Papadopoulos was served with an information subpoena as a party to this action and with several third-party information subpoenas concerning companies with which he is believed to be affiliated (copies of all of the subpoenas have been provided to you). To date he has not responded to a single information subpoena and the time to do so for all but the last has long expired. I therefore request that those responses also be provided by April 18. This should not be interpreted to be a consent to any extension of time with respect to the information subpoenas and the Joint Board reserves its right to seek any relief it deems appropriate to ensure compliance with the information subpoenas.



00105356.DOC.1

COHEN, WEISS AND SIMON LLP

Jerry Papapanayotou
April 10, 2007
Page 2


      Should you wish to discuss this matter further, please contact the undersigned.

                      Very truly yours,

                      Eyad Asad

EIA:hs



# Exhibit I



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                         :

LARRY JACOBSON, as Chairman of the Joint      :
Industry Board of the Electrical Industry,         :
                                                                         :

                                   Plaintiff,      :          Case No.
                                                 :          02-CV-6316 (ERK)(MDG)

         - against -                      :

MOLLER & MOLLER, INC. et al.,                 :
                                                    :

                                Defendants.    :
                                                    :
---------------------------------------------------------------- x

## <u>ORDER</u>

       **WHEREAS** Athanasios Papadopoulos ("Papadopoulos") was personally served with a Subpoena Duces Tecum Ad Testificandum (the "Papadopoulos Subpoena") on February 15, 2007; and

       **WHEREAS** Papadopoulos has failed to produce documents and has failed to appear for a deposition as required by the Papadopoulos Subpoena; and

       **WHEREAS** third-party information subpoenas were served upon Delta Star Electric Service Inc., Sigma Electrical Contracting Corp., and Sigma Electrical Contracting & Maintenance, Corp. by certified mail, return receipt requested, and responses were due by March 17, 2007; and

       **WHEREAS** a third-party information subpoena was served upon Delta Star Electric III Inc. by certified mail, return receipt requested, and a responses was due by April 18, 2007; and

**WHEREAS** Delta Star Electric Service Inc., Sigma Electrical Contracting Corp., and Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric III Inc. (the "Third-Parties") have failed to comply with their respective subpoenas;

**IT IS HEREBY ORDERED** that Papadopoulos comply with the document requests in the Papadopoulos Subpoena no later than May 7, 2007;

**IT IS FURTHER ORDERED** that Papadopoulos appear for a deposition on May 15, 2007 at the offices of Cohen, Weiss and Simon LLP, 330 W. 42nd Street, New York, New York 10036 at 10:30 a.m.; and

**IT IS FURTHER ORDERED** that the Third-Parties respond to the information subpoenas served upon them by May 7, 2007.

The plaintiff shall arrange for service of this Order by facsimile and first-class US Mail upon counsel for Papadopoulos and by first-class US Mail upon Delta Star Electric Service Inc., Sigma Electrical Contracting Corp., and Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric III Inc. to the addresses at which they were served with the information subpoenas.  Proof of such service shall be filed in the record.

**SO ORDERED:**


_____
HON. MARILYN D. GO
United States Magistrate Judge


Dated: _____, 2007
        Brooklyn, New York