```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - - -X

LARRY JACOBSON, as Chairman of the
Joint Industry Board of the Electrical
Industry,

                    Plaintiff,

     - against -

MOLLER & MOLLER, INC., d/b/a MOLLER &
MOLLER ELECTRIC CORP. d/b/a MOLLER &
MOLLER ELECTRICAL CONTRACTORS, et al.,

                    Defendants.

ORDER

CV 2002-6316 (ERK)(MDG)

- - - - - - - - - - - - - - - - - - - -X

This order concerns subpoenas served on:

Athanasios Papadopoulos, Delta Star Electric Service Inc., Sigma Electrical Contracting Corp., Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric III Inc.

- - - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Eyad Assad, counsel for plaintiff, has moved by letter application dated May 1, 2007 to compel defendant Athanasios Papadopoulos (the "deponent") to comply with a subpoena requiring him to produce documents and testify at a deposition and to compel Delta Star Electric Service Inc., Sigma Electrical Contracting Corp., Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric III Inc. (the "third-party corporations") to comply with information subpoenas requiring them to answer written questions. These subpoenas were served to obtain post-judgment discovery to aid in the execution and satisfaction of a judgment

entered on November 23, 2005.  See ct. doc. 48.  As set forth in Mr. Assad's letter, the deponent failed to produce documents and appear on the dates set forth in a subpoena served upon him and the third-party corporations failed to answer written questions within the time allowed.

Rule 69(a) of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."  Fed. R. Civ. P. 69(a). Here, plaintiff has elected to pursue discovery under the New York Civil Procedure Law and Rules.

Section 5223 provides that "[a]t any time before a judgment is satisfied . . ., the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . ."  N.Y. C.P.L.R. § 5223. Section 5224 permits (1) a "subpoena requiring attendance for the taking of a deposition," (2) a "subpoena duces tecum requiring the production of books and papers," and (3) an "information subpoena" requiring written answers to a set of written questions.  N.Y. C.P.L.R. § 5224.  An attorney of record for any party to an action may issue a subpoena without a court order.  N.Y. C.P.L.R. § 2302(a).  The failure to comply with a subpoena may be deemed a contempt of court punishable by monetary sanctions.  N.Y. C.P.L.R. § 2308(a); Bankers Trust v. Braten, 194 A.D.2d 378, 379, 598 N.Y.S.2d 498, 498 (1st Dep't 1993).

Having examined the affidavit of service attached to the letter of Mr. Assad, the Court finds that the subpoena in question

was properly served upon the deponent personally. See N.Y. C.P.L.R. §§ 308[1], 2303. However, given the short time the deponent was given to respond, he is given an additional opportunity to comply. See Dickson v. Ferullo, 96 A.D.2d 745, 465 N.Y.S.2d 328, 328-29 (4th Dep't 1983) (whether contempt sanctions are applied in a particular case is a matter of judicial discretion).

As to the information subpoenas directed at the third party corporations, under section 5223, discovery is permitted against a non-party to discover facts relating to the assets of the judgment debtor. See D'Avenza S.p.A. In Bankruptcy v. Garrick & Co., No. 96CIV.0166, 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998); ICD Group, Inc. v. Israel Foreign Trade Co. (USA) Inc., 224 A.D.2d 293, 294, 638 N.Y.S.2d 430, 430 (1st Dep't 1996); see also Costamar Shipping Co., Ltd v. Kim-Sail, Ltd., No. 95 CIV. 3349, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (Fed. R. Civ. P. 69(a) permits discovery against a non-party "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them"). Specifically, a judgment debtor is "entitled to examine third parties to determine if a judgment debtor has concealed or transferred assets applicable to satisfying its judgment." D'Avenza, 1998 WL 13844, at *3; see Costamar, 1995 WL 736907, at *3 ("the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor"). This discovery should be tailored to the search for the debtor's hidden assets. See D'Avenza, 1998 WL 13844, at *3 (plaintiff may not "embark on a

fishing expedition"); Costamar, 1995 WL 736907, at *3.  For example, non-parties "cannot be required to disclose their own assets."  Costamar, 1995 WL 736907, at *3.

Applying the above principles, the discovery requested here must be limited to information that relates to the judgment debtors, their assets or suspected transfers of their assets. Accordingly, Questions Nos. 2(C) and 2(D) are inappropriate since they request the revenue and operating profit/loss of the third party corporations for the last three years.  See D'Avenza, 1998 WL 13844, at *4 (limiting document requests to those which are reasonably related to ascertaining the status or whereabouts of judgment debtor's assets); Costamar, 1995 WL 736907, at *3 (restricting discovery of third party to alleged transfer of judgment debtor's assets).  To the extent that plaintiff claims that the third party corporations are alter egos of the judgment debtors, more must be shown to justify discovery of their assets. See Costamar, 1995 WL 736907, at *3-*4.  While discovery may yet reveal facts sufficient to warrant disclosure of such information, at this juncture, those questions are beyond the scope of what is relevant to satisfy the judgment.

Mr. Assad has demonstrated that the information subpoenas were properly served upon the third party corporations.  However, like Mr. Papadopoulos, the third party corporations were given a short time to respond.  Accordingly, they are given additional time to comply.

CONCLUSION

For the foregoing reasons, the motion is granted to the following extent. The deponent, Athanasios Papadopoulos, is hereby ORDERED to comply with the subpoena. He must call Mr. Assad by July 25, 2007 to arrange for a mutually convenient date to produce documents and for a deposition and to produce such documents and appear for such deposition on the agreed dates, which be on or before August 24, 2007. The third party corporations are hereby ORDERED to comply with the information subpoenas to the extent set forth above by July 25, 2007.

**Athanasios Papadopoulos, Delta Star Electric Service Inc., Sigma Electrial Contracting Corp., Sigma Electrical Contracting & Maintenance, Corp. and Delta Star Electric III Inc. are warned that if they fail to comply with this order, they could be subject to contempt proceedings for failure to respond to the subpoena and this order. If they are found to be in contempt of the subpoena or this order, they would be subject to sanctions, including imposition of a monetary fine, attorneys fees and costs. If Mr. Papadopoulos' failure to comply continues, the court could issue a warrant of arrest for failure to comply with a court order.**

**Plaintiff is directed to serve a copy of this order by overnight mail upon the deponent and the third party corporations.**

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 5, 2007

                                            /s/
                                            MARILYN DOLAN GO
                                            UNITED STATES MAGISTRATE JUDGE